UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. R.,<br>        Plaintiff,<br><br>    v.<br><br>BRENTWOOD UNION SCHOOL DISTRICT,<br>        Defendant. | Case No. 12-cv-06326-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: ECF No. 1 |

Plaintiff G.R. moves for an award of attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B). For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

## I.     BACKGROUND

This action arises out of a dispute between G.R.'s parents and Defendant Brentwood Unified School District pertaining to the educational support that the District provided to G.R., who is a four-year old child with Down Syndrome.

On June 21, 2012, G.R.'s parents filed a request for a due process hearing before an Administrative Law Judge ("ALJ"), in which G.R.'s parents alleged that the District denied G.R. a free appropriate public education ("FAPE") in three ways:

(1) by significantly impeding the ability of G.R.'s parents to meaningfully participate in three individualized education program ("IEP") team meetings because a regular-education teacher did not attend them ("Issue 1");

(2) by significantly impeding G.R.'s parents' ability to meaningfully participate in an IEP team meeting because the District did not consider and discuss a continuum of placement options for G.R ("Issue 2").; and

1   (3) by denying G.R. placement in the LRE by offering him instead placement in a special
2   day class during three IEP team meetings ("Issue 3").  ALJ Decision at 2, ECF No. 1, Ex. 1.
3   To remediate the District's alleged violations of IDEA, G.R.'s parents requested that the
4   District provide him with (1) "a full-inclusion placement with appropriate supports and services,
5   including a trained one-to-one aide and an independent inclusion specialist experienced in working
6   with children with Down's Syndrome," (2) "intensive one-to-one instruction in core academic
7   subjects provided by a nonpublic agency," (3) reimbursement for the private preschool tuition that
8   G.R.'s parents paid from August 2011 to September 2012; and (4) reimbursement for the private
9   speech and language therapy that G.R. obtained from August 2011 to September 2012.  Id.
10  Twenty days before the hearing, on July 26, 2012, the District made a settlement offer to
11  G.R.'s parents, which included $2,700 in tuition reimbursement for the private preschool that G.R.
12  attended from August 2011 to September 2012; 36 hours of educational physical therapy; 36 hours
13  of speech and language therapy; 18 hours of occupational therapy; and $5,100 in attorneys' fees.
14  Garcia Decl. ¶ 6 & Ex. B.  G.R.'s parents rejected the offer on July 31, 2012.  Garcia Decl. ¶ 7 &
15  Ex. C.
16  The ALJ held the due process hearing in late August 2012 and issued a decision on
17  September 26, 2012.  Garcia Decl. ¶ 4.  The ALJ ruled in favor of G.R. with respect to Issues 1
18  and 3 and in favor of the District with respect to Issue 2.  ALJ Decision at 43.  The ALJ ordered
19  the District to reimburse G.R.'s parents for the cost of G.R.'s private preschool tuition in the
20  amount of $2,250 and stated in the same order that "[a]ll other requests for relief are denied."  Id.
21  G.R. now moves for an award of attorneys' fees and costs of $78,823 for services rendered
22  in connection with the due process hearing, and $20,845 in attorneys' fees and costs for services
23  rendered in connection with the instant motion, for a total award of $99,668.  The District opposes
24  the requested fee award.
25  The Court has jurisdiction over this action under 20 U.S.C. § 1415(i)(3)(A).
26  //
27  //
28  //

## II. STANDARD OF REVIEW

IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." Aguirre v. Los Angeles Unified School Dist., 461 F.3d 1114, 1117 (9th Cir. 2006) (citing 20 U.S.C. § 1415(i)(3)(B)(i)). "In order for a court to award attorneys' fees, the parent must (1) be a prevailing party and (2) seek reasonable attorneys' fees." Id. (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Prevailing Party

"A prevailing party for the purpose of awarding attorneys' fees is a party which succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Parents of Student W. v. Puyallup School Dist., No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994) (citation and internal quotation marks omitted). "Such success results in a material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where the plaintiff's success on a legal claim can be characterized as purely technical or de minimis, the plaintiff cannot claim fees as a prevailing party. There must be a causal link between the litigation brought and the outcome gained." Id. (internal citations and quotation marks omitted).

The Court finds that G.R. was the prevailing party in the due process hearing, as the ALJ held that G.R. prevailed on two of the three Issues. In the due process hearing, G.R.'s parents requested, among other things, (1) a finding that the District had failed to place G.R. in the least restrictive environment, and (2) reimbursement for the private-school tuition fees they incurred during the 2011-2012 school year. Because the ALJ granted both of these requested remedies, the Court finds that G.R. achieved at least some of the benefits he had sought in the action and that his success therefore was not purely technical or de minimis. Accordingly, the Court concludes that G.R. is entitled to reasonable attorneys' fees and costs.

//

//

**B.     Reasonableness of Attorneys' Fees**

**1.     Settlement Offer Does Not Bar Recovery of Attorneys' Fees**

Before turning to the question of whether the amount of attorneys' fees and costs that G.R.'s counsel have requested is reasonable, the Court first must consider whether G.R. is barred from seeking any attorneys' fees and costs incurred after the District made him a settlement offer.

A court may not award attorneys' fees in any action or proceeding under IDEA for services performed subsequent to the time of a written offer of settlement to a parent if: (1) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins; (2) the offer is not accepted within 10 days; and (3) the court finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement. See 20 U.S.C. § 1415(i)(3)(D).  But, when the parent who is the prevailing party was substantially justified in rejecting a settlement offer, a court may award attorneys' fees and related costs to that parent for services performed after the settlement offer.  See 20 U.S.C. § 1415(i)(3)(E).

The District argues that G.R. is not entitled to any fees or costs incurred after it made a settlement offer to G.R.'s parents on July 26, 2012, because such an offer included remedies that were more favorable than the relief that G.R.'s parents obtained at the conclusion of the due process hearing.  The District notes that, on the one hand, its settlement offer to G.R. included $2,700 for tuition reimbursement, 36 hours of educational physical therapy, 36 hours of speech and language therapy, 18 hours of occupational therapy, and $5,100 in attorneys' fees; on the other hand, the ALJ awarded to G.R. $2,250 in tuition reimbursement only.  Accordingly, the District requests that the Court decline to award G.R. any attorneys' fees and costs he incurred after July 26, 2012.

G.R. responds that the settlement offer was not more favorable than the relief he obtained at the conclusion of the due process hearing for two reasons.  First, the ALJ's holding that the District did not place G.R. in the least restrictive environment ultimately resulted in the District placing G.R. in a classroom that is less restrictive than the one in which it had originally placed him.  Reply at 7.  This placement was not a part of the District's settlement offer.  Second, the

settlement offer sought to resolve all disputes between the parties "through the 2013 Extended School Year," and required G.R. to waive all claims, whether known or unknown, through the end of the 2013 school year, which had not yet begun at the time the settlement offer was made. Garcia Decl., Ex. B at 3-4. Through the ALJ's judgment, G.R. obtained compensatory damages for violations of his IDEA rights with respect to the 2011-2012 school year while preserving his right to bring claims against the District for any IDEA violations in the 2012-2013 school year. For these reasons, G.R. argues that he was justified in rejecting the settlement offer.

The Court concludes that the terms of the District's settlement offer were not more favorable than the remedies G.R. obtained through the ALJ's order. The ALJ's order resulted in G.R's placement in a classroom that is less restrictive and allowed G.R. to preserve his right to challenge any actions of the District during the 2012-2013 school year. G.R. would not have obtained these results if his parents had accepted the District's settlement offer. For this reason, the Court agrees with G.R. that his parents were justified in rejecting the District's settlement offer. Accordingly, G.R. is not barred from seeking an award of attorneys' fees and costs incurred after the District made the settlement offer.

**2.      The Attorneys' Fees Sought Are Subject to Reductions**

A district court may, in its discretion, award attorneys' fees to the prevailing party. Aguirre, 461 F.3d at 1115. Though "[t]here is no precise rule or formula for making [fee] determinations," the most crucial factor in determining whether fees are warranted in an IDEA case is the "degree of success obtained" by the prevailing party. Id. at 1118, 1121 (citing Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." Id. at 1121 (citing Hensley, 461 U.S. at 436). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437.

Though the court has ample discretion to award fees based on the degree of success of the prevailing party, any fees awarded must be "based on rates prevailing in the community in which

the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded." 20 U.S.C. § 1415(i)(3)(C). Additionally, the court must reduce any fees awarded if it finds that (1) the parents unreasonably protracted the final resolution of the dispute; (2) the amount of attorneys' fees requested unreasonably exceeds the hourly rate prevailing in the community for similar services; (3) the time spent and legal services furnished were excessive; or (4) the attorney representing the parent did not provide to the local educational agency the appropriate information in the notice of the complaint. See 20 U.S.C. § 1415(i)(3)(F). These mandatory reductions, however, are not applicable if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding. See 20 U.S.C. § 1415(i)(3)(G).

The District argues that G.R.'s request for attorneys' fees and costs of nearly $100,000 is excessive on the grounds that (1) counsel for G.R. billed for tasks that are purely administrative; (2) the hourly rate of G.R.'s attorneys is excessive; (3) G.R. achieved only limited success before the ALJ; and (4) the fees incurred in connection with this motion must be reduced because the documentation submitted is inadequate and the language in the motion was recycled from other briefs.

The Court is not persuaded that G.R.'s fee award must be reduced on the basis that the hourly rates of G.R.'s counsel are unreasonable. Attorneys' fees must be calculated "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). The relevant community is the forum in which the district court sits. Davis v. Mason Cnty., 927 F.2d 1473, 1488 (9th Cir. 1991).

Here, the relevant community is the Bay Area. Counsel for G.R. have submitted evidence showing that the billing rates of $325 for Natashe Washington and $250 for Hee Kim are comparable, if not lower, than those of other special education attorneys who practice in the Bay Area. See Washington Decl. at 3 (stating that Washington has 17 years of litigation experience, five of which she has spent practicing education law); Kim Decl. at 2 (stating that Kim has two years of special education experience); Porter Decl. at 1-2 (stating that attorneys in the Bay Area who have been practicing education law for seven years bill at $350 per hour and junior associates

6

in the area with two years of special education experience bill between $250 and $275 per hour).

The Court also is not inclined to reduce G.R.'s fee award for lack of documentation or because the language in the briefs could have been used in prior submissions.

The Court, however, finds that reductions of the requested fees and costs are warranted on the following grounds:[1]

First, the Court finds that the hours billed for administrative tasks are not compensable. See Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (holding that tasks "clerical in nature" should be "subsumed in firm overhead rather than billed" and that "[w]hen clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors"). Here, the time attributed to clerical tasks totals 14.2 hours, with 10.6 of such hours billed by Washington and 3.6 hours billed by Kim.

Second, the Court finds that the hours billed by Kim for intra-office conferences with Washington must be excluded from the fee calculus because counsel for G.R. have not shown that such hours were not unnecessary or duplicative. See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 949 (9th Cir. 2007) (affirming district court's reduction of fees for intra-office meetings and holding that, given "[counsel's] failure to provide a persuasive justification for the intra-office meetings, the district court did not err in finding the intra-office conferences to be unnecessary and duplicative"). Here, Kim billed 11.4 hours for intra-office conferences.

Third, the Court finds that the total award of fees and costs must be reduced to reflect the degree of success that G.R. obtained in the action before the ALJ. The Supreme Court has provided guidance with respect to how a district court should tailor fee awards based on the degree of success that the party seeking such fees has achieved:

//

---

[1] While G.R. is correct in noting that any mandatory reductions of his requested fees and costs would be inapplicable if the Court finds that the District unreasonably protracted the final resolution of the action within the meaning of 20 U.S.C. § 1415(i)(3)(B)(i), the Court does not make such a finding here and instead concludes that the District did not unreasonably protract the final resolution of the dispute between the parties. The best evidence to support this conclusion is that the ALJ ruled in favor of the District on one of the three Issues and denied three of four remedies that G.R. requested.

7

> "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."

Henley, 461 U.S. at 435-36.

Here, G.R. did not achieve complete success at the due process hearing. Indeed, he prevailed only with respect to two of the three Issues and received only one of the four remedies he requested. Accordingly, it cannot be the case that G.R. obtained "excellent results" that would entitle his attorneys to a full compensatory fee. Because G.R.'s success was limited to two of the three Issues and to one of the four remedies he requested, the Court finds it reasonable to reduce G.R.'s total fee award by 33%. Though G.R. argues that a fee reduction on this basis would be inappropriate because the three Issues before the ALJ were interrelated, this argument is not supported by Henley, which, as described above, encourages courts to reduce a fee award if "a plaintiff has achieved only partial or limited success . . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Henley, 461 U.S. at 436.

In light of these findings, the Court calculates G.R.'s award of fees and costs as follows: For work performed in connection with the due process hearing:

| Attorney | Hours Claimed | Admin. Task Red. | Intra-Office Conf. Red. | Total Before 33% Red. | 33% Red. | Total Hours After Red. | Hourly Rate | Total Award |
|---|---|---|---|---|---|---|---|---|
| Washington | 174.9 | 10.6 | 0 | 164.3 | 54.219 | 110.081 | 325 | $35,776.33 |
| Kim | 81.8 | 3.6 | 11.4 | 66.8 | 22.044 | 44.756 | 250 | $11,189.00 |
| **Total** | 256.7 | 14.2 | 11.4 | 231.1 | 76.263 | 154.837 | n/a | **$46,965.33** |

8

For work performed in connection with this motion:

| Attorney | Hours Claimed | Oral Arg. Red. | Total Hours After Red. | Hourly Rate | Total Award |
|---|---|---|---|---|---|
| Washington | 25 | 6 | 19 | 325 | $6,175.00 |
| Kim | 43.1 | 0 | 43.1 | 250 | $10,775.00 |
| **Total** | 68.1 | 6 | 62.1 | n/a | $16,950.00 |

## IV.   CONCLUSION

After making all of the reductions described above, the total amount of attorneys' fees to which G.R.'s counsel are entitled is $63,915.33, which is comprised of $46,965.33 for fees incurred in connection with the due process hearing and $16,950.00 for fees incurred in connection with this motion. The total amount of costs claimed, which has not been disputed, is $1,530.50. Accordingly, the total award of fees and costs to G.R.'s counsel under 20 U.S.C. § 1415(i)(3)(B) is $65,445.83.

The Clerk shall terminate this action.

**IT IS SO ORDERED**.

Dated: July 5, 2013

_____
JON S. TIGAR
United States District Judge